# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| LOUIS WILLINGHAM, SR., | * |
| Plaintiff, | * |
| v. | * CV 115-025 |
| UNITED STATES OF AMERICA, | * |
| Defendant. | * |

# O R D E R

Presently before the Court is Defendant's motion to dismiss. (Doc. 18.) For the reasons discussed below, the Court converts Defendant's motion into a motion for summary judgment and allows the parties additional time to submit arguments and evidence.

## I. Background

This matter arises from Plaintiff Louis Willingham's attempt to bring a tort action against the Veteran Affairs Medical Center ("VA") in Augusta, Georgia. Plaintiff's complaint alleges that, in November 2011, he visited the VA with an injured toe, and during that visit, a doctor diagnosed him with a blister. (Doc. 1 at 3.) Eventually, however, a doctor at the VA recommended that Plaintiff's toe be amputated, to

which Plaintiff consented. (Id.) But, according to Plaintiff, when he awoke from the surgery, his foot had been amputated. (Id.) Then, over his objections, Plaintiff claims that the doctor performed a second amputation, which removed his leg up to his knee. (Id.) Plaintiff also asserts that he was given Morphine, even though his medical records show an allergy to that medicine and that he was subjected to Methicillin-resistant Staphylococcus aureus ("MRSA"). (Id. at 4.) Plaintiff also alleges that he fell into a coma at some point following this incident. (Id. at 5.)

Following an attempt to file his complaint with the appropriate agency, Plaintiff filed this action in this Court. Upon this filing, the Magistrate Judge screened Plaintiff's complaint and determined that the complaint should be dismissed because Plaintiff had not timely presented his claims to the appropriate agency. (Doc. 7.) When Plaintiff objected to that ruling, the Magistrate Judge vacated the recommendation. (Doc. 10.) Defendants now move to dismiss the claims because Plaintiff did not timely present them to the appropriate agency. Plaintiff has responded and essentially argues that he is entitled to equitable tolling because he diligently pursued his claims.

## II. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Additionally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Trawinski v United Technologies, 313 F.3d 1295, 1297 (11th Cir. 2002) (per curiam).

Moreover, a court must generally avoid considering materials outside the complaint without converting the motion into a motion for summary judgement. See Day v. Taylor, 400 F.3d 1272, 1275-75 (11th Cir. 2005). A court may only consider materials outside the complaint without converting the motion when the materials are "(1) central to the plaintiff's claim and (2) undisputed." Id. at 1276. And "undisputed" generally means that the authenticity of the document is not challenged. Id.

### III.  Discussion

Plaintiff's claims are based on the alleged medical malpractice of doctors at the VA, so they are brought under the Federal Tort Claims Act ("FTCA"). The FTCA permits the government to be sued in tort for certain actions by federal officials. See Motta ex rel. A.M. v. United States, 717 F.3d 840, 843 (11th Cir. 2013). But in order to bring the suit against the government, a plaintiff must "present the claim in writing to the appropriate agency 'within two years after such claim accrues.'" Id. (quoting 28 U.S.C. § 2401(b)). These claims are presented to the appropriate agency on what is called a Standard Form 95 or through "other written notification." 28 C.F.R. § 14.2(a). Failure to present the claim to the appropriate agency within two years after the claim accrues may result in the claim being "forever barred." 28 U.S.C.

4

§ 2401(b). Moreover, to be considered presented, that claim must be "'accompanied by a claim for money damages in a sum certain.'" Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006) (quoting 28 C.F.R. § 14.2(a)). Until recently, the Eleventh Circuit considered this requirement to be jurisdictional. See id. ("When the sum certain is omitted, the administrative claim fails to meet the statutory prerequisite to maintaining a suit against the government, and leaves the district court without jurisdiction to hear the case." (citation omitted) (internal quotation marks omitted)). The Supreme Court, however, recently ruled that the FTCA's time bars are not jurisdictional. See United States v. Wong, __ U.S. __, 135 S. Ct. 1625, 1638 (2015). Accordingly, the Court held that the filing requirements of 28 U.S.C. § 2401(b) are subject to equitable tolling. Id. at 1638. A motion to dismiss based on timeliness, therefore, is properly brought under Federal Rule of Civil Procedure 12(b)(6), instead of 12(b)(1). See Harris v. United States, __ F. App'x __, No. 15-10664, 2015 WL 5729978, at *2 (11th Cir. Oct. 1, 2015).

In this case, Defendant has moved to dismiss Plaintiff's claims because he did not timely file the Standard Form 95 or another writing demanding a sum certain. That is, Defendant argues that Plaintiff filed a Standard Form 95 but failed include a sum certain. Along with its motion to dismiss,

5

Defendant attached a copy of that Standard Form 95, which was filed in November 2013 and includes Plaintiff's name, but does not include a signature or a sum certain. (Doc. 18, Ex. A.) Defendant also included a letter dated November 4, 2013 from the Department of Veteran Affairs Office of Regional Counsel informing Plaintiff that his Standard Form 95 was being returned because it did not include an amount of damages. (Doc. 18, Ex. B.) Defendant then points to a second Standard Form 95 that Plaintiff filed in February 2014 that includes Plaintiff's signature and a sum certain, but was ultimately denied as untimely. (Doc. 18, Ex. C.) Defendant argues that the second Standard Form 95 is the only one that is sufficient to meet the requirements of the statute, and because it was not timely filed, Plaintiff's claims should be barred.

Plaintiff has responded with several reasons why his claim should not be dismissed. Plaintiff claims that, in April 2013, he began visiting the Department of Veteran Affairs and that someone in that office began working with him on his claims against the VA. He asserts that, eventually, someone at that office instructed him to allow that agency to send a letter on his behalf about his claims to the Veteran Affairs Office of Regional Counsel. And Plaintiff claims that no one ever mentioned a Standard Form 95 to him. In fact, he alleges that the agency led him to believe that the letter was a necessary

6

step in bringing his claim. He even asserts that he has no knowledge as to who sent the unsigned November 2013 Standard Form 95. Moreover, regarding the November 4, 2013 letter from the Veteran Affairs Office of Regional Counsel, Plaintiff asserts that the letter was sent to the wrong address, and that he only received it after he visited the agency and requested information on the status of his claim. He maintains that he then filed a proper Standard Form 95 soon after he learned that it was required. Essentially, Plaintiff argues that these reasons justify equitable tolling in this case. Plaintiff, however, has only presented these arguments in his brief without any evidence. Plaintiff also argues in his brief that some of claims did not accrue until well after November 2011. Those arguments also appear unsupported by evidence.

Generally, "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Motta, 717 F.3d at 846 (citation omitted) (internal quotation marks omitted). Equitable tolling may also be appropriate when "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period . . . ." Irwin v. Dep't Veteran Affairs, 498 U.S. 89, 96 (1990) (citations omitted).

As mentioned, Defendant relies on the November 2013 Standard Form 95 and the November 4, 2013 letter to show that Plaintiff did not meet the statutory requirements. But Plaintiff has responded with reasons he claims support tolling the requirement and has disputed that he filed the November 2013 Standard Form 95. The Court finds it inappropriate to consider the November 2013 Standard Form 95 because Plaintiff has disputed the document at least to the extent that he did not file it. And the Court cannot say that the letter referenced by Defendant is "central" to the claim. See Day, 400 F.3d at 1276. Additionally, Plaintiff has offered reasons why he is entitled to equitable tolling, but he has not yet submitted evidence to support those reasons. Accordingly, the Court finds it proper to convert this motion to dismiss into a motion for summary judgment. And when a court converts a motion to dismiss into a motion for summary judgment, the court must give the parties at least ten-day notice of the conversion. See Prop. Mgmt. & Invs., Inc. v. Lewis, 752 F.2d 599, 605 (11th Cir. 1985). "The purpose of this requirement is to make certain that the parties are aware of the conversion and have an opportunity to present documents and arguments for and against the granting of summary judgment." Id.

The parties will now be afforded an opportunity to submit evidence and arguments in support of their positions.

Appropriate evidence at summary judgment includes, among other things, documents and affidavits based on personal knowledge. <u>See</u> Fed. R. Civ. P. 56. The parties are directed to file any arguments and evidence within **TWENTY-FOUR DAYS** from the date of this Order.

### IV. <u>Conclusion</u>

For the reasons set forth above, the Court **DIRECTS** the Clerk to **CONVERT** Defendant's motion to dismiss (doc. 18) into a motion for summary judgment.

**ORDER ENTERED** at Augusta, Georgia this 25th day of November, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA