IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

LOUIS WILLINGHAM, SR.,                *
                                      *
          Plaintiff,                  *
                                      *
     v.                               *    CV 115-025
                                      *
UNITED STATES OF AMERICA,             *
                                      *
          Defendant.                  *

**O R D E R**

Currently before the Court is Defendant's converted motion for summary judgment. (Doc. 18.) For the reasons discussed below, Defendant's motion is **DENIED**.

## I. Background

### A. Procedural Background

On February 17, 2015, Plaintiff Louis Willingham, Sr., proceeding pro se, filed a complaint in this Court, alleging medical malpractice against the Veteran Affairs Medical Center ("VA") in Augusta, Georgia in November 2011. (See Doc. 1.) Eventually, Defendant moved to dismiss the case because Plaintiff did not timely and adequately present his claims to the appropriate agency. (Doc. 18.) Specifically, Defendant argued that the letter Plaintiff sent the agency did not contain

his signature or a sum certain, making the request invalid. Defendant also produced a Standard Form 95 ("SF-95") that lacked his signature and a sum certain. Moreover, Defendant argued, the SF-95 that Plaintiff submitted in February 2014 was not timely because it was not within the two-year limit provided for in 28 U.S.C. § 2401(b). Plaintiff responded and essentially argued that someone from the VA's office assisted him with his complaint and that the person assisting him erroneously prepared the deficient complaint. He also argued that the second SF-95 was not timely sent because he did not receive notice of the problems with his claim until after the two-year period had run. Plaintiff, although he challenged the SF-95 presented as evidence by Defendant, failed to present his own evidence. Thus, there was no evidence before the Court upon which it could equitably toll Plaintiff's claims. Because Defendant presented evidence outside the pleadings, the Court converted the motion to dismiss into a motion for summary judgment and allowed the parties to submit additional arguments and evidence. (Doc. 33.) Plaintiff, now represented by counsel, has submitted an additional brief and an affidavit. (Doc. 40.) Defendant has not presented any additional arguments or evidence.

**B. Plaintiff's Affidavit**

Plaintiff has submitted his own affidavit as evidence that equitable tolling is appropriate in this case. Plaintiff's affidavit presents the following factual assertions. In spring

2

2013, Plaintiff, after learning about a VA employee who could help him with his claim, met with the employee, known as a patient advocate, who informed him that "it was his responsibility to assist [Plaintiff] with preparing a tort claim . . . ." (Doc. 40, Ex. 1 ("Pl. Decl.") ¶¶ 1-3.) Plaintiff met with the patient advocate several more times, and in July 2013, the patient advocate informed Plaintiff that he would draft the appropriate letter on Plaintiff's behalf. (Id. ¶ 7.) And the patient advocate indicated to Plaintiff that the letter would contain all necessary information to bring a claim. (Id. ¶ 9.) The patient advocate prepared a letter and instructed Plaintiff to mail it to the VA Office of Regional Counsel, which Plaintiff did. (Id. ¶ 8.) After not hearing anything about his claim, in January 2014, Plaintiff visited the patient advocate again and was informed that he would need to speak with Roosevelt Childs at the Office of Regional Counsel. (Id. ¶ 14.) Plaintiff did so, and Childs informed Plaintiff he had a sent a letter to Plaintiff regarding the claim in November.[1] (Id. ¶ 15.) Childs, however, had sent the letter to the wrong address—an address Plaintiff had never seen before. (Id. ¶17.) Childs then sent Plaintiff a new SF-95, which he promptly completed and mailed in. (¶ 20-21.)

---

[1] The letter to which Plaintiff refers was cited by Defendant in its motion to dismiss. (Doc. 18, Ex. 2.)

3

## II. Legal Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor." U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).

In this action, the Clerk of the Court gave Plaintiff notice of the motion for summary judgment and informed him of the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 34.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The time for filing materials in opposition has expired, and the motion is now ripe for consideration.

### III. Discussion

As noted above, because Plaintiff's claim is brought under the Federal Tort Claims Act, Plaintiff was required to present his claim to the appropriate agency within two years after it accrued. 28 U.S.C. § 2401(b); Motta ex rel. A.M. v. United States, 717 F.3d 840, 843 (11th Cir. 2013). Further, Plaintiff's claim to the agency was required to include a sum certain. Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006). Here, it is undisputed that Plaintiff's first claim to the VA Office of Regional Counsel failed to include a sum certain, and it is undisputed that his second claim was not timely. However, because the two-year period to file a claim with the agency is not jurisdictional, it is subject to equitable tolling. United States v. Wong, __ U.S. __, 135 S. Ct. 1625, 1638 (2015).

Equitable tolling is sparingly used by courts, and it is typically only appropriate "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Motta, 717 F.3d at 846. And although it does not apply to mere negligence, courts will apply equitable tolling "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period . . . ." Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96 (1990). The circumstances in Plaintiff's case go beyond mere negligence, and equitable tolling is appropriate.

5

Plaintiff diligently pursued his claim. He began meeting with a patient advocate as early as spring 2013, and he continued meeting with the advocate until he received what the patient advocate told him was an adequate complaint for his claim. Then, after not hearing anything about his claim, Plaintiff, on his own accord, again visited the patient advocate only to learn that the VA Office of Regional Counsel had sent a letter concerning his complaint's insufficiencies to the wrong address. Plaintiff then promptly filed a sufficient SF-95, albeit out of time. The Court finds that Plaintiff's diligence viewed alongside his reliance on the patient advocate warrants tolling. Accordingly, Defendant's motion is **DENIED**.

### IV. Conclusion

For the reasons discussed above, Defendant's motion (doc. 18) is **DENIED**. Additionally, the Court stayed discovery in this case pending resolution of Defendant's motion. (Doc. 24.) Because the Court has denied Defendant's motion, the Clerk is directed to **REMOVE** the stay.

**ORDER ENTERED** at Augusta, Georgia this 19th day of February, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA